UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 13 |
| | : | |
| DAVID DUANE ADAMS, | : | |
| | : | |
| Debtor | : | Case No. 06-51651 RFH |
| | : | |

BEFORE

ROBERT F. HERSHNER, JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

COUNSEL:

| | |
|---|---|
| For Debtor: | Ms. Stacey N. Randall<br>Post Office Drawer 1018<br>Macon, Georgia 31202 |
| For Ford Motor Credit Company: | Mr. Ronald A. Levine<br>2270 Resurgens Plaza<br>945 E. Paces Ferry Road<br>Atlanta, Georgia 30326 |
| | Ms. Molly L. McCollum<br>3727 Vineville Avenue<br>Macon, Georgia 31204 |
| For Chapter 13 Trustee: | Mr. Tony D. Coy<br>Post Office Box 954<br>Macon, Georgia 31202 |

# MEMORANDUM OPINION

Ford Motor Credit Company, ("FMCC"), filed on September 27, 2006, an Objection To Confirmation. A hearing on FMCC's objection was held on January 11, 2007. The Court, having considered the evidence presented and the arguments of counsel, now publishes this memorandum opinion.

David Duane Adams, Debtor, purchased a new 2006 Ford Freestyle (the "vehicle") on October 17, 2005. FMCC financed the purchase and holds a purchase money security interest in the vehicle. Debtor filed a petition under Chapter 13 of the Bankruptcy Code on September 6, 2006. Debtor purchased the vehicle within 910 days of the date that he filed for bankruptcy relief. FMCC filed a proof of claim for $28,902.51. The retail value of the vehicle is $23,350. Debtor, through his proposed Chapter 13 plan, proposes to bifurcate FMCC's claim into a secured claim and an unsecured claim with the secured portion of the claim limited to the value of the vehicle. FMCC objects to the bifurcation and contends that its claim should be paid in full as a secured claim.

Section 1325(a)(5)(B) of the Bankruptcy Code provides:

> **§ 1325. Confirmation of plan.**
>
> **(a)** Except as provided in subsection (b), the court shall confirm a plan if—

. . .

**(5)** with respect to each allowed secured claim provided for by the plan—

. . .

**(B)(i)** the plan provides that—

**(I)** the holder of such claim retain the lien securing such claim until the earlier of—

**(aa)** the payment of the underlying debt determined under nonbankruptcy law; or

**(bb)** discharge under section 1328; and

**(II)** if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

**(ii)** the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

**(iii)** if—

**(I)** property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal

3

>>monthly amounts; and

>>**(II)** the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or

>>. . .

>>For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing;

11 U.S.C.A. §1325(a)(5)(B) (West Supp. 2006).

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") became effective, in relevant part, on October 17, 2005. Debtor's bankruptcy petition was filed on September 6, 2006, and is governed by BAPCPA. The last paragraph of section 1325(a) provides that for purposes of paragraph (5), section 506 of the Bankruptcy Code shall not apply to a claim that is secured by a purchase money security interest in a motor vehicle on a debt incurred within the 910 days preceding the bankruptcy filing if the vehicle was acquired for the personal use

4

of the debtor.  The last paragraph of section 1325(a) is sometimes referred to as the unnumbered paragraph or the hanging paragraph.  Prior to BAPCPA's amendment of section 1325(a), a debtor could bifurcate an undersecured claim into a secured claim and an unsecured claim.  The last paragraph of section 1325(a), as amended by BAPCPA, prevents bifurcation of certain undersecured claims.  Triad Financial Corp. v. Brown, (In re Brown), 346 B.R. 246, 247-48 (Bankr. M.D. Ga. 2006).

Under section 506(a) of the Bankruptcy Code[1] a "secured creditor's claim is to be divided into secured and unsecured portions, with the secured portion of the claim limited to the value of the collateral."  Associates Commercial Corp. v. Rash, 520 U.S. 953, 117 S. Ct. 1879, 1884, 138 L.Ed.2d 37 (1997).

The secured portion of a claim becomes a secured claim and the unsecured portion becomes an unsecured claim.  United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 109 S. Ct. 1026, 1029 n3, 103 L.Ed.2d 290 (1989).

Debtor concedes that FMCC's claim is secured by a purchase money security interest in a motor vehicle that was acquired within the 910 days preceding the date that Debtor filed for bankruptcy relief.

FMCC, through its objection to confirmation, contends that the vehicle was "acquired for the personal use of the debtor" and that its claim is protected from

---

[1] 11 U.S.C.A. § 506(a) (West 2004).

bifurcation by the hanging paragraph of section 1325(a)(5).

The evidence presented at the hearing shows that Debtor is married and has two children. Debtor's wife does not work outside the home. Debtor purchased the vehicle on October 17, 2005. Debtor is listed as the sole owner on the certificate of title. Debtor is the sole obligator on the retail installment contract, which shows that the vehicle was purchased for "personal" use. The other boxes to check on the retail installment contract were for agricultural or commercial use.

When he purchased the vehicle, Debtor was a long-haul truck driver who was away from home for two or three weeks at a time. Debtor intended that his wife would be the primary user of the vehicle. Debtor's wife, in fact, was the primary user. Debtor's wife was listed as the sole driver on the vehicle's insurance policy. Debtor drove the vehicle once or twice a month.

In February of 2006, Debtor began to drive the vehicle once or twice a week. Both Debtor and his wife were now listed as drivers on the insurance policy. Debtor and his wife separated in July or August of 2006. Debtor became the primary user of the vehicle.

Debtor and his wife were still separated when he filed for bankruptcy relief in September of 2006. Debtor's wife was using her mother's vehicle.

Debtor and his wife are now trying to reconcile. Debtor's wife is again the

primary user of the vehicle. Debtor drives the vehicle occasionally. Both Debtor and his wife are listed as drivers on the insurance policy. The vehicle at issue is the only vehicle that Debtor or his wife currently own.

The Chapter 13 Trustee reports that Debtor's proposed Chapter 13 plan is feasible and is funded. The Chapter 13 Trustee reports that the proposed plan is confirmable regardless of how the Court rules on FMCC's objection to confirmation.

The Court, from the evidence presented, is persuaded that the vehicle was acquired for the use of Debtor's wife. When he purchased the vehicle, Debtor intended that his wife would be the primary user. Debtor's wife, in fact, was the primary user. Debtor's wife was listed as the sole driver on the vehicle's insurance policy. Debtor drove the vehicle only once or twice a month. Only after Debtor and his wife separated some ten months later did Debtor become the primary user. When Debtor and his wife decided to reconcile, his wife again became the primary user.

The Court now turns to consider whether the term "acquired for the personal use of the debtor" includes a vehicle acquired for the use of Debtor's wife.

In <u>In re Jackson</u>,[2] the Chapter 13 debtor purchased a vehicle for the use of his non-debtor wife. Although the debtor occasionally used the vehicle, his wife was the primary driver. The debtor was the sole purchaser of the vehicle under the sales

---

[2] 338 B.R. 923 (Bankr. M.D. Ga. 2006) (Walker, J.). Judge Walker is a sitting judge of this Court.

7

contract. The sales contract provided that the vehicle was purchased for "personal, family or household" use. The debtor's wife was not listed on the title to the vehicle. The creditor objected to the debtor's proposal to bifurcate its claim which was secured by the vehicle. The court held that the vehicle was not "acquired for the personal use" of the Chapter 13 debtor. The court stated in part:

> Debtor argues that because Congress has used the phase "personal, family, or household use" elsewhere in the Bankruptcy Code, it must mean something different when it limits the term to "personal use." The Court agrees with Debtor.
>
> . . .
>
> Nissan does argue, however, that the "personal use of the debtor" may include family or household use. However, when Congress wants to include family or household use within the scope of a statute, it knows how to do so. For example, § 101(8) provides, "The term 'consumer debt' means debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). The phrase also arises in § 365(d)(5) (regarding performance of obligations under an unexpired lease); § 506(a)(2) (regarding valuation of certain property); § 507(a)(7) (regarding deposits for the acquisition of certain property); and several subsections of § 522 (regarding exempt property). Consequently, the omission of "family and household" use from the hanging paragraph demonstrates that Congress intended "personal use" standing alone to have a different meaning.
>
> "Personal" is defined as "[o]f or relating to a particular person; private." American Heritage Dictionary of the English Language (4th ed.2000). In this case, the vehicle

> must have been acquired for the use of a particular person—Debtor— for the paragraph to apply.

338 B.R. at 925-26.

The Court is persuaded that it should follow Judge Walker's decision in In re Jackson. The Court is persuaded that the vehicle financed by FMCC was not "acquired for the personal use of the debtor" as that term is used in the hanging paragraph. The Court is persuaded that FMCC's claim is not protected from bifurcation by the hanging paragraph.

An order in accordance with this memorandum opinion will be entered this date.

DATED this 1st day of March, 2007.

    /s/ Robert F. Hershner, Jr.
ROBERT F. HERSHNER, JR.
Chief Judge
United States Bankruptcy Court

9